(May 7, 2013)

■ O. ALDON JAMES, JR., on Behalf of the NATIONAL ARTS CLUB, Respondent, v DIANNE BERNHARD et al., Appellants. [965 NYS2d 56]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered January 16, 2013, which denied defendants' motion pursuant to CPLR 1021 to remove plaintiff in this derivative action and substitute the special litigation committee of the board of governors of the National Arts Club (Club) as plaintiff, unanimously reversed, on the law, with costs, and the motion granted.

Defendants have established a "persuasive case" that "the proper protection of the corporation's interest or the proper conduct of the litigation would be better served by the elimination or a change in the identity" of the plaintiff (*Tenney v Rosenthal*, 6 NY2d 204, 209-210 [1959]), due to a conflict of interest. Plaintiff was expelled from the Club on whose behalf he is suing and the entire complaint in this derivative action alleges waste of corporate assets and breach of fiduciary duties by defendants, current and former directors of the Club, based entirely on their decision to investigate and expel him. We note that, although a complaint filed against plaintiff by the Attorney General alleging waste and misuse of corporate assets is

not proof of any misconduct, it reinforces the existence of a conflict.

Furthermore, plaintiff filed this derivative suit in October 2011, two months after the Club filed a statement of charges against him and shortly before internal disciplinary proceedings were scheduled to continue, suggesting that he was motivated not by the Club's interests but by a desire to gain leverage to force the Club to reinstate his membership and end the litigation (*see Gilbert v Kalikow*, 272 AD2d 63 [1st Dept 2000], *lv denied* 95 NY2d 761 [2000]).

As defendants propose to substitute plaintiff with a special litigation committee comprised of newly elected directors who are not named in the derivative suit and were not involved in the underlying investigation of plaintiff, they have established that substitution is warranted at this stage and is not premature (*see Tenney v Rosenthal*, 6 NY2d at 209-210). Concur—Friedman, J.P., Acosta, Moskowitz, Manzanet-Daniels and Clark, JJ.